**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Guadalupe Gonzales, Jr., ) | |
| ) | CV-12-441-TUC-DCB |
| Petitioner, ) | |
| v. ) | |
| ) | |
| Charles Ryan, et al., ) | **ORDER** |
| ) | |
| Respondents. ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for a Report and Recommendation (R&R) on Petitioner's Petition for Writ of Habeas Corpus (Petition), 28 U.S.C.§2254. Before the Court are a Report and Recommendation and Petitioner's Objections. The Magistrate Judge recommends that the Court dismiss the Petition as untimely filed with no statutory or equitable tolling and dismiss the action.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

In a nutshell, Petitioner was convicted by a jury of two counts of second degree murder, four counts of endangerment and four counts related

to driving under the influence and was sentenced to serve consecutive mitigated 10-year sentences. The convictions and sentences were upheld on appeal and review was denied by the Arizona Supreme Court on September 8, 2010.  Then,

> On October 7, 2010, Gonzales filed a timely notice for post-conviction relief ("PCR"). *Id*., Ex. C. However, in a ruling dated June 3, 2011, the trial noted that Gonzales had failed to file a memorandum in support of his PCR petition and, after having granted several previous motions to extend, refused to grant an additional extension and dismissed the petition. *Id*., Ex. D. Gonzales appealed the dismissal. *Id.,* Ex. E. On July 18, 2011, the Court of Appeals issued an order finding that Gonzales' petition for review was not in compliance with Rule 32.9, Ariz.R.Crim.P., and ordered Gonzales to file a petition conforming to the rule by August 17, 2011. *Id*., Ex. F. On December 2, 2011, Gonzales filed a petition claiming that the dismissal of his petition was reversible error and that his trial counsel had been ineffective by failing to present expert testimony that the oxycodone in the victim driver's bloodstream affected her driving ability. *Id*., Ex. G. On December 16, 2011, the Court of Appeals dismissed the petition because there had been "no compliance with this Court's order dated July 18, 2011." *Id*., Ex. J. Gonzales claims he appealed the dismissal to the Arizona Supreme Court. *Petition*, p. 5.
>
> [T]he petition now before the Court, ... was filed on June 8, 2012[.]

(R&R at 3.)  The one-year limitations period began to run on June 3, 2011, and expired before the Petition was filed in the instant matter on June 8, 2012.

In his Objection, Petitioner admits that his Petition was mailed three days late, but claims that this was due to limited access and time to complete legal research. The R&R recommends dismissal of the Petition as untimely filed, reasoning that the Petitioner has not satisfied the heavy burden he is required to meet to establish a basis for equitable tolling.  This Court agrees.

2

Based on the foregoing, the Court will adopt the Report and Recommendation in its entirety.

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 12) in its entirety.  The Objections (Doc. 18) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and the action is dismissed.  A Final Judgment shall enter separately and the action will be closed.

**IT IS FURTHER ORDERED** that, after consideration, the Court declines to issue a Certificate of Appealability.

DATED this 10th day of February, 2014.

David C. Bury
United States District Judge